Sproul *v.* Foye.

———————◆———————

JAMES M. SPROUL *versus* SAMUEL FOYE.

When a call in a deed bounds one side of the land therein conveyed "by the new county road leading from" a place named "to" another place named, and the road as located by the commissioners, and that as actually wrought and travelled, are not identical, the latter alone will answer the call.

ON EXCEPTIONS.

WRIT OF ENTRY. The land demanded in the writ, was described as "beginning on the southerly line of the *existing road* leading from Wiscasset to Dresden, at," &c., thence in a certain direction named, to a "birch tree marked;" thence in a certain other direction named, to a monument named; thence in a certain other direction, "to the road aforesaid; thence south-easterly, by the road *as it existed and has been travelled since March* 14, A. D. 1853, to the first mentioned bound," &c.

The defendant seasonably filed a disclaimer to " all of said described premises, except that part between the road as laid out by the county commissioners and the road as the same was built," and, as to the strip thus excepted, he pleaded *nul disseizin.* The plaintiff accepted the disclaimer and joined issue.

The deeds from the defendant to one Decker, dated March 14, 1853, and from the latter to the plaintiff, dated March 19, 1853, described the land as " beginning on the southerly side of the new county road leading from Wiscasset to Dresden," at, &c. ; thence in a certain direction named, " to a birch tree marked;" thence in a certain other direction named, to a monument named; thence in a certain other direction named, to the aforesaid county road; " thence by said county road, to the bound began at," &c.

It was admitted that the defendant owned the premises in controversy, prior to his deed to Decker.

Decker.

Several witnesses testified upon each side in regard to numerous facts connected with the land in controversy. The defendants contended and requested the presiding Judge to rule that there was no latent ambiguity in the deeds;

that it was the duty of the Court to construe them; that the evidence did not warrant the Court in submitting the question of construction to the jury; and that, upon the legal construction of them, the line of the new county road, as it was actually located and marked upon the face of the earth, was the one, and the only one, that answered the call in the deeds. But the presiding Judge declined to so rule and submitted the question to the jury.

The verdict was for the demandant, and the defendant alleged exceptions, and also filed a motion to set aside the verdict as being against law and the manifest weight of evidence.

*A. P. Gould,* for the defendant.

*W. Hubbard,* for the plaintiff.

WALTON, J.—This is a writ of entry. The question is one of boundary. The defendant conveyed a parcel of land, bounding it on one side by " the new county road leading from Wiscasset to Dresden." Some forty or fifty rods of this road was built outside of the original location of the county commissioners, and the question is whether the line of location or the road as actually built is to be regarded as the true boundary of the land conveyed.

The deed bounds the land " by the new county road leading from Wiscasset to Dresden." At this time the road had been open and used for public travel about three years. Did the parties refer to the road as located, or to the road as built? To a mere line of location not wrought, not in use for public travel, or to the road that was wrought and in actual use as a public highway?

When a road is referred to in a deed as one of the boundaries of the land conveyed, we should ordinarily suppose that something more than a mere location was meant. A road is a way actually used in passing from one place to another. A mere survey or location of a route for a road is not a road. A mere location for a road falls short of a

road as much as a house lot falls short of a house. "Bounded by the new county road leading from Wiscasset to Dresden." Can the proposition be maintained that an invisible and unwrought location answers such a call better than a visible wrought road over which the public travel is passing daily? We think not. We think such a call in a deed requires something more than a mere location to answer it.

Our conclusion is that the Judge who presided at the trial committed no error in declining to instruct the jury that the original location would alone answer the call in the deed; that, if he erred at all, it was in not ruling as matter of law that the road, as actually built, was the only boundary that would answer the call. This error, however, if it was one, operated favorably for the defendant, and against the plaintiff, and was one therefore of which the defendant cannot justly complain. It gave him a chance of winning from the jury if he could a point which should have been ruled against him as matter of law.

The verdict of the jury establishes the road as built and not the road as located, as the boundary of the land conveyed. We think the verdict is right.

*Motion and Exceptions overruled.*

*Judgment on the verdict.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and TAPLEY, JJ., concurred.